IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUDOLPHO MAYES, #49814-177,<br>　　　Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL NO. 3:16-CV-2981-B-BK |
| | § | (Criminal No. 3:14-CR-266-B-40) |
| UNITED STATES OF AMERICA,<br>　　　Respondent. | §<br>§<br>§ | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED WITH PREJUDICE**.[1]

## I. BACKGROUND

Petitioner pled guilty to conspiracy to possess with intent to distribute a controlled substance and, on July 21, 2016, was sentenced to 135 months' imprisonment and a five-year term of supervised release. Crim. Doc. 1341. He did not pursue a direct appeal, but on October 18, 2016, he filed this timely, *pro se* motion to vacate sentence. Doc. 2. He raises two sentencing claims and a vagueness challenge, the latter under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 28 U.S.C. § 924(e), violates the

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

Constitution's guarantee of due process.  Doc. 2 at 3, 7-20.[2]  Petitioner also relies on *Mathis v. United States,* ___ U.S. ___, 136 S. Ct. 2243 (2016)*,* and *Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. 2015), *cert. granted*, ___ U.S. ___, 136 S. Ct. 2510 (2016), to support the contention that his sentence is "void for vagueness."  Doc. 2 at 9.

Subsequently, in response to this Court's deficiency order, Petitioner filed an amended section 2255 motion on the appropriate form.  Doc. 5.  He re-asserts his sentencing claims – (1) that he was eligible for safety valve consideration, and (2) that a 12-year old DUI conviction was improperly used to calculate his criminal history.  Doc. 5 at 7.  Contemporaneously, Petitioner also filed a *Motion to Stay* this case pending a decision by the United States Supreme Court in *Beckles*.  Doc. 6 at 1.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted.  *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)).  Under section 2255 a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds.  *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A.  Misapplication of Sentencing Guidelines

Petitioner asserts the Court erred in not granting him safety valve relief and in calculating his criminal history at sentencing based on a 2003 DUI conviction.  Doc. 5 at 7; Doc. 2 at 3.

---

[2] The Supreme Court recently found *Johnson* retroactively applicable to cases on collateral review in *United States v. Welch*, ___ U.S. ___, 136 S. Ct. 1257 (2016).

Petitioner directly challenges the Court's application of the United States Sentencing Guidelines. However, such a claim is not cognizable on section 2255 review. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of sentencing guidelines does not give rise to a constitutional issue cognizable under section 2255).[3]

### B. *Johnson* Claim and Motion to Stay

Petitioner's reliance on *Johnson* is misplaced. *Johnson* has no bearing on Petitioner's case, since his sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question *only* the residual clause of the ACCA). Rather the Presentence Report (PSR) (which was adopted at sentencing without change) calculated Petitioner's base offense level for conspiracy to possess with intent to distribute a controlled substance under U.S.S.G. § 2D1.1. *See* Crim. Doc. 1291-1 at 15, PSR ¶¶ 48; Crim. Doc. 1342, Statement of Reasons (SOR).

Additionally, even assuming the Supreme Court finds *Johnson* retroactively applicable to the career offender provision of the Sentencing Guidelines in *Beckles*, Petitioner was not sentenced as a career offender. *See* Crim. Doc. 1291-1 at 15, PSR ¶54 (reflecting no Chapter Four Enhancement under either the ACCA or the career offender provision of the Sentencing Guidelines). Thus, Petitioner's claims are not premised on a penal statute or Sentencing Guidelines provision that contains or incorporates any clauses resembling the ones found unconstitutional in *Johnson*. Therefore, *Johnson* and *Beckles* are not applicable in this case and

---

[3]The record reflects that, through his counsel, Petitioner lodged no objection to the presentence investigation report (PSR) and accepted it prior to sentencing. Crim. Doc. 1298.

the *Motion to Stay* should be denied.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**, and that the *Motion to Stay* [Doc. 6] be **DENIED**.

**SIGNED** February 14, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE