IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUDOLPHO MAYES, #49814-177 | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Case 3:16-CV-2981-B-BK |
| | § | (Criminal Case 3:14-CR-266-B-40) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Petitioner has filed objections along with a motion for leave to amend. The District Court has made a *de novo* review of those portions of the proposed Findings, Conclusions and Recommendation to which objection was made.

In his objections and motion for leave to amend, Petitioner seeks leave to amend the section 2255 motion to raise a new claim of ineffective assistance of counsel during the sentencing proceedings. Doc. 8 at 1-2; Doc. 9 at 1-3, 6-7. He asserts (1) that counsel was ineffective for failing to object to the criminal history points assigned to a July 19, 2003 DUI conviction, No. MA03-57265, and (2) that counsel's failure to object resulted in Petitioner being denied eligibility under the "safety valve" provision.

Petitioner maintains that his July 2003 DUI conviction "was more than 10 years old at the time of his federal conviction" in July 2016. Doc. 9 at 14 (proposed amended section 2255 motion). However, under the U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4A1.2(e)(2) (Nov. 2015), the ten-year period is counted "from the defendant's *commencement* of the instant offense" – i.e., the

federal offense in this case. *See United States v. Vittek*, 228 F. App'x 469, 476 (5th Cir. 2007). The commentary to the Sentencing Guidelines further explains that "[t]he term 'commencement of the instant offense' includes any relevant conduct." *See* U.S.S.G. § 4A1.2, comment. 8 (cross-referencing U.S.S.G. § 1B1.3); U.S.S.G. § 1B1.3(a)(1)(A) (defining "relevant conduct" to include "all acts and omissions committed . . . by the defendant . . . that occurred during the commission of the offense of conviction.").

Here, the Presentence Report (PSR), which was adopted without change at sentencing, found that Petitioner's relevant conduct commenced as early as February 7, 2012. *See* Crim. Doc. 1291 at 8-13, PSR ¶¶ 16-49 (summarizing relevant conduct); Crim. Doc. 1342 (Statement of Reasons accepting PSR). In the Factual Resume, Petitioner also admitted that from on or about January 1, 2012, and continuing through June 23, 2015, he participated in the conspiracy to possess with intent to distribute cocaine. Crim. Doc. 1291 at 14, PSR ¶ 41. Because the July 2003 DUI conviction was imposed within ten years of Petitioner's involvement in the federal offense, it was properly considered in the Criminal History and assessed two points.

Moreover, with 3 criminal history points, Petitioner did not qualify for "safety valve" consideration. *See* Crim. Doc. 1291-1 at 16-17, PSR ¶¶ 59-63. The "safety valve" provision of U.S.S.G. § 5C1.2 permits the court to impose a sentence below the mandatory minimum if the defendant did not, among other things, have "more than 1 criminal history point." *See* 18 U.S.C. § 3553(f)(1); U.S.S.G. § 5C1.2(a)(1).

Thus, Counsel was not required to make a meritless objection to the criminal history points assessed for the 2003 conviction and/or request application of the "safey valve" provision. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."); *United States v.*

*Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (explaining that "[a]n attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); *see also United States v. Lewis*, 467 F. App'x 298, 299 (5th Cir. 2012) (per curiam) (same as to meritless guideline objection). Since Petitioner cannot demonstrate that counsel's performance was deficient or that he was prejudiced and, thus, that he received ineffective assistance of counsel, it would be futile to grant him leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (specifying futility of amendment as an adequate justification to refuse to grant leave to amend).

Accordingly, Petitioner's objections are **OVERRULED** and his motion to amend is **DENIED** as futile. The Court also **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge and **DENIES** Petitioner's motion to stay.

IT IS THEREFORE ORDERED that the motion to vacate set aside or correct sentence under 28 U.S.C. § 2255 is summarily **DISMISSED WITH PREJUDICE**. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253©, the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation and this order in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid

claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

If petitioner files a notice of appeal,

( )     petitioner may proceed *in forma pauperis* on appeal.

(X)     petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 13th day of April, 2017.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:
**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.